UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE P. LEBOEUF** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4742-ILRL-SS** |
| **ABE'S BOAT RENTALS, INC.** | |

### ORDER

CIIC'S MOTION TO QUASH (Rec. doc. 48)

**GRANTED IN PART AND DENIED IN PART**

On August 24, 2006, the plaintiff, Dwayne LeBoeuf ("LeBoeuf"), filed his complaint for damages against Abe's Boat Rentals, Inc. ("ABR"). LeBoeuf alleged that he sustained severe injuries, when the M/V Jason Abe, collided with an oil platform. LeBoeuf was employed by Offshore Contract Services, LLC ("OC Services") at the time of the accident and was traveling on the vessel to the platform. Rec. doc. 1. The pretrial conference was set for September 27, 2007 with the trial on October 22, 2007. Rec. doc. 7. On July 31, 2007, the worker's compensation insurer for OC Services, Commerce and Industry Insurance Company ("CIIC"), filed an unopposed motion for leave to intervene to assert a claim for benefits paid to LeBoeuf. Rec. doc. 13. ABR and CIIC filed cross-motions for summary judgment. Rec. docs. 36 and 39. On September 27, 2007, there was a pretrial conference. Neither the parties' pretrial order nor the District Judge's trial preparation order identified the need for any further discovery. Rec. docs. 37 and 44. On October 3, 2007, the District Judge granted ABR's motion for summary judgment and denied CIIC's motion for summary judgment. Rec. docs. 45 and 46. The District Judge did not direct entry of a final judgment as to CIIC's claims.

On October 4, 2007, counsel for LeBeouf requested that CIIC's counsel provide dates for the deposition of the president of OC Services and its corporate representative to testify concerning OC Services' understanding of the terms of the insurance coverage it was required to provide. The depositions were sought in lieu of providing live testimony at the trial. Rec. doc. 48 (Exhibit B). ABR issued a subpoena to CIIC for the complete underwriting file for Offshore Contract Services. Rec. doc. 48 (Exhibit A).

CIIC objects to the discovery because: (1) the District Judge ruled on the cross-motions for summary judgment so it contends that there is no basis for additional discovery; (2) the case was pre-tried and the pretrial order was signed by the District Judge and filed in the record; (3) the discovery deadline expired; (4) it is sought for purposes of harassing CIIC; (5) the information sought would be excluded as parol evidence.

ABR contends that the discovery is appropriate because: (1) CIIC did not file its intervention until August 24, 2006, which was shortly before the discovery and motion deadlines; (2) there was not sufficient time to conduct discovery of CIIC; (3) the discovery sought by ABR and LeBoeuf did not become an issue until an August 29, 2007 settlement conference; (4) ABR should be permitted to supplement the record with evidence on the insurance issues; (5) CIIC has no standing to move to quash subpoenas directed at parties other than CIIC, for example the Fisk Insurance Agency; and (6) the information sought is relevant or will lead to the discovery of admissible evidence.

ABR and LeBoeuf consented to CIIC's petition of intervention. They cannot complain that it was untimely or prejudiced their ability to complete discovery. They were required to raise these when CIIC sought to intervene.

The pretrial order provides that, "[h]ereafter, this Order will control the course of the trial

and may not be amended except by consent of the parties and the Court, or by order of the court to prevent manifest injustice." Rec. doc. 37 at p. 25.  The District Judge did not direct entry of a final judgment, so CIIC remains a party to the action.  It can object to any action by the ABR and LeBoeuf that is inconsistent with the pretrial order.

Although ABR contends that the need for the discovery became apparent by August 29, 2007, there is no reference to the discovery in the September 27, 2007 pretrial order.  The order does provide that ABR may call a representative of OC Services to testify concerning its contract with Northstar.  It does not provide that Fisk Insurance Agency may be called as a witness at the trial.

ABR should be able to make a proffer at the trial of evidence relevant to the insurance issue to the extent that such evidence can be obtained from a limited deposition of the corporate representative for OC Services.  ABR will be permitted to take the deposition of OC Services, pursuant to Fed. R. Civ. P. 30(b)(6), on the matters identified in the deposition notice.  The deposition may not last longer than three hours excluding reasonable breaks.  ABR may subpoena OC Services for records pertinent to the insurance issue.  With the exception of this corporate deposition and the documents pertinent to the insurance issue, CIIC's motion to quash will be granted.

IT IS ORDERED that CIIC's motion to quash subpoenas and prohibit further discovery by plaintiff and defendant (Rec. doc. 48) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 10th day of October, 2007.

**SALLY SHUSHAN**
**United States Magistrate Judge**